UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI M. ROTH, | 2:24-cv-01124-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| AIG; COREBRIDGE FINANCIAL, INC., | |
| Defendants. | |

A motion for sanctions (ECF No. 17) by defendant American General Life Insurance Company (sued as Corebridge Financial, Inc.) is before the court. Plaintiff opposed the motion and defendant filed a reply. (ECF Nos. 17, 18.) The parties appeared via videoconference for a hearing on January 15, 2025. Richard Bowles appeared for plaintiff and John T. Burnite appeared for defendant. For the reasons set forth below, the motion for sanctions is denied.

**I.   Background**

Plaintiff Joni Roth initiated this action with a complaint filed in the Placer County Superior Court on January 26, 2024. Pursuant to 28 U.S.C. §§ 1141 and 1146, defendant removed the case to this court on April 15, 2024. (ECF No. 1.)

This lawsuit involves an annuity which plaintiff alleges she found in a box of her late father's documents in January of 2022. (ECF No. 1 at 9.) Under the complaint's allegations, plaintiff has never received any surrender payment. (Id. at 9.) According to defendant, plaintiff

1

1  surrendered the annuity in 2002. (ECF No. 17-1 at 3.) Plaintiff brings claims for breach of
2  contract and fraud. (Id., at 8-9.)

3       In October of 2024, defendant sought to schedule plaintiff's deposition for November 4, 6,
4  and/or 7, 2024. (ECF No. 17-1 at 4-5.) Receiving "no communications regarding the deposition
5  from plaintiff's counsel on or before October 14, 2024," defendant served a notice of deposition
6  on October 15, 2024, setting the deposition to take place in Sacramento, California, on November
7  7, 2024. (Id. at 5.) On October 15, 2024, plaintiff's counsel asserted "the reason we have not
8  responded to your request for a date is that we believe she will be medically unable to testify and
9  are waiting to hear back from a doctor." (Id.) On October 25, 2024, defendant requested a
10 replacement date, time, and location for the deposition prior to October 30, 2024, and indicated a
11 record of non-appearance would be made at the noticed deposition if no alternative were
12 provided. (Id.)

13      On October 30, 2024, and again on November 6, 2024, plaintiff's counsel indicated
14 plaintiff would not be appearing at the deposition on November 7, 2024. (ECF No. 17-1 at 6-7.)
15 Plaintiff's counsel offered to stipulate that the deposition was properly noticed, that defense
16 counsel was ready, willing and able to take the deposition, and that plaintiff did not show up
17 because her doctor said she could not testify. (ECF No. 18 at 3.)

18      Defense counsel traveled to the deposition and made a record of non-appearance. (ECF
19 No. 17-1 at 7.) Defendant filed the motion for sanctions presently before the court on December
20 31, 2025. (ECF No. 17.) Plaintiff opposed the motion. (ECF No. 18.) Defendant filed a reply.
21 (ECF No. 19.)

22 **II.     Standard**

23 The court may, on motion, order sanctions for a party's failure to attend its deposition if

> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; …
>
> [….] [¶] [….]
>
> (2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery

>sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
>
>(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

## III. Discussion

Defendant seeks sanctions in the form of terminating sanctions, evidentiary or issue preclusion sanctions, and/or attorneys' fees. (ECF No. 17-1 at 7-14.) Defendant argues plaintiff's reasons for avoiding her deposition lack merit, and that an internal medicine doctor's note stating in conclusory fashion that plaintiff "is not able to do the deposition secondary to her cognitive impairment and memory problem" is insufficient to preclude a deposition. (Id. at 2, 4.) Defendant argues plaintiff's discovery responses assert she has testimonial capacity and ability and therefore contradict her position that she cannot sit for the deposition. (Id. at 6-7.) Defendant argues plaintiff and her counsel engaged in bad faith and that willful conduct supports the imposition of sanctions because they (1) refuse to have plaintiff to sit for a deposition, (2) refuse to discuss any reasonable accommodation(s), and (3) have not sought a protective order. (Id.) Defendant argues it is apparent that plaintiff does not intend to ever submit to her deposition. (ECF No. 19 at 1.)

Plaintiff responds that her nonappearance at her deposition was based on a good faith belief that her health issues substantially justified her absence. (ECF No. 18 at 4.) Plaintiff notes she offered to stipulate in advance to a nonappearance or to have a Zoom deposition if defendant insisted on obtaining a record of nonappearance. (Id. at 5.) Plaintiff argues the requested sanctions are unwarranted and defendant's self-inflicted costs are unreasonable and excessive. (Id. at 6.)

If a party fails to attend a deposition, the court may issue any of the following orders under Rule 37(b)(2)(A):

>(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

3

        (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

        (iii) striking pleadings in whole or in part;

        (iv) staying further proceedings until the order is obeyed;

        (v) dismissing the action or proceeding in whole or in part;

        (vi) rendering a default judgment against the disobedient party; or

        (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). A party who fails to appear for her deposition may be subject to sanctions even in the absence of a prior court order. Hilao v. Estate of Marcos, 103 F.3d 762, 764-65 (9th Cir. 1996); Fed. R. Civ. P. 37(d).

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992); see also Local Rule 110. A court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors do not weigh in favor of the extreme sanction of dismissal. There have been no other discovery violations or failures, and plaintiff's counsel offered to stipulate to a nonappearance. The court gave plaintiff no prior warnings or orders regarding appearing for her deposition and the court has not attempted any lesser sanction.

In the alternative, defendant seeks an evidentiary or issue preclusion sanction for the issues defendant intended to establish at the deposition. (ECF No. 17-1 at 11-12.) A preclusion sanction, while not as harsh as outright dismissal, is still "extreme." Amersham Pharmacia Biotech, Inc. v. Perkin Elmer Corp., 190 F.R.D. 644, 649 (N.D. Cal. 2000). Such a sanction, imposed for parties' failure to appear at their depositions, also requires that the failure must have been willful or in bad faith. See Hilao, 103 F.3d at 765 (holding the district court did not abuse its

4

1   discretion in imposing preclusion sanction for parties' failure to appear at their depositions where
2   they "made no attempt to explain or excuse their failure to appear"). Disobedient conduct not
3   shown to be outside the party's control can be sufficient to establish willfulness, bad faith, or
4   fault. Henry v. Gill Indus. Inc., 983 F.2d 943, 948 (9th Cir. 1993).

5   Evidentiary or issue preclusion sanctions are currently unwarranted for plaintiff's failure
6   to appear for her deposition on November 7, 2024. Ample notice was given along with an
7   explanation for plaintiff's failure to appear, which was a single violation. See Adriana Int'l Corp.
8   v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990) ("In evaluating the propriety of sanctions, [the
9   court] look[s] at all incidents of a party's misconduct."). Defendant represents that the discovery
10  cut-off is April 22, 2025, which is more than three months away. Defendant does not show
11  prejudice sufficient to support an extreme preclusion sanction based on an argument that plaintiff
12  does not intend to ever sit for a deposition. At the hearing on the present motion for sanctions, the
13  parties expressed disagreement regarding the effects on plaintiff's claims in the event she
14  continues to refuse or is medically unable to be deposed. However, the issue presently before the
15  court is specific to the determination of what sanctions, if any, should issue for plaintiff's failure
16  to attend the deposition noticed to take place on November 7, 2024. Defendant fails to show
17  undue prejudice has occurred or will occur where the discovery period is ongoing, the parties
18  dispute whether plaintiff was substantially justified in failing to appear, and court has never
19  ordered plaintiff to appear for her deposition or given any prior warnings.[1]

20  Defendant also does not identify a case in which a district court has found bad faith or
21  willfulness necessary to apply terminating or preclusion sanctions based on a party's failure to
22  appear for one deposition where both notice and an explanation were provided. In the court's
23  review, when such sanctions have been imposed, they have generally rested on more significant

---

[1] At the hearing on this motion, defense counsel argued defendant seeks a court order that the doctor's note produced thus far is inadequate to preclude plaintiff's deposition. That issue has not been briefed and is not properly before the court. While defendant initially sought sanctions with an alternate request to compel plaintiff's deposition, that motion was inadequately noticed on a 14-day notice period and defendant elected to refile the motion for sanctions without the alternate request for an order compelling plaintiff's deposition. (See ECF Nos. 15, 16, 17.)

or repeated failures,[2] or, in the case of preclusion, have been more appropriately considered at a later stage of the case.[3] At the present juncture, neither terminating sanctions nor preclusion sanctions are warranted for plaintiff's failure to attend the deposition noticed to take place on November 7, 2024.

In addition to or instead of terminating or preclusion sanctions, defendant seeks monetary sanctions in the form of attorneys' fees. Such sanctions are warranted for a party's failure to appear for her deposition unless the failure was substantially justified or other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(d)(3). Here, defendant seeks attorneys' fees in the amount of $8,312.50 and court reporter costs totaling $936.45. (ECF No. 17-2 at 5.) The attorneys' fees encompass at least one hour communicating with plaintiff's counsel to coordinate the deposition and to attempt to avoid the motion for sanctions, 3.5 hours travelling to and from the deposition to make the record of nonappearance, more than 10 hours for legal research and drafting the motion for sanctions, and additional time to review and evaluate plaintiff's motion, draft a reply brief, and to prepare for and attend the hearing that was held on

---

[2] See, e.g., D.U. by & through Uccello v. Five Unknown Named Deputy Marshals of U.S. Marshals Serv., No. 5:20-CV-02127-JWH-SP, 2024 WL 4241614, at *7 (C.D. Cal. Sept. 19, 2024) (finding terminating sanctions appropriate where "Plaintiffs' Counsel violated two preexisting court orders; … failed to appear for their expert's deposition and failed to respond at all to the Government's discovery requests"); Gordon v. Cnty. of Alameda, No. CV-06-02997-SBA, 2007 WL 1750207, at *3 (N.D. Cal. June 15, 2007) (finding the plaintiff's "failure to attend two scheduled depositions without providing notice or excuse further demonstrates her willfulness" where she had also "repeatedly failed to comply with the rules of discovery and the rules of the court, which has resulted in numerous court orders and warnings").

[3] See, e.g., Finander v. Los Angeles Unified Sch. Dist., No. CV 05-6847 PA (EX), 2007 WL 9734456, at *21 (C.D. Cal. Mar. 19, 2007), aff'd, 320 F. App'x 821 (9th Cir. 2009) (applying evidentiary preclusion sanctions where the plaintiffs willfully failed to appear multiple times for their depositions, and disregarded written discovery requests, offering a variety of illegitimate excuses, compelling defendants to file motions for summary judgment without the benefit of the plaintiff's depositions); Yoon v. Lee, No. CV 11-6792-VAP (KK), 2020 WL 1172274, at *3-4 (C.D. Cal. Jan. 14, 2020) (denying request for terminating sanctions where the plaintiff attempted to explain his repeated failure to appear for depositions and did not appear to be seeking any tactical advantage through delay but stating "the Court would consider a request for narrowly tailored evidentiary sanctions filed in connection with a summary judgment motion based on Plaintiff's repeated failure to appear for properly noticed depositions and subsequent sporadic communication with Defendants' counsel").

this motion. (ECF No. 17-2 at 5.)

The time spent communicating with plaintiff's counsel was required regardless of whether plaintiff ultimately appeared for the deposition. In addition, an award of expenses for counsel's travel to and from Sacramento to make the record of nonappearance would be unjust where plaintiff's counsel offered to stipulate to a nonappearance. That leaves counsel's requested fees for preparing and arguing this motion, which has not otherwise been successful. Even though plaintiff's nonappearance is not excused in the absence of a protective order, see Fed. R. Civ. P. 37(d)(2), the failure was substantially justified to the extent plaintiff gave ample notice she would not be appearing and an explanation. Under the circumstances, an award of the requested expenses would be unjust.

**IV.     Order**

In accordance with the above, IT IS ORDERED that defendant's motion for sanctions (ECF No. 17) is denied without prejudice.

Dated:  January 16, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roth24cv1124.sanct

7