1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JONI M. ROTH,

12              Plaintiff,                        No. 2:24-cv-01124-TLN-CKD

13

14         v.                                     **ORDER**

15    AIG; COREBRIDGE FINANCIAL, INC.,

16              Defendants.

17

18          This matter is before the Court on a Motion to Withdraw filed by Plaintiff Joni M. Roth's

19    ("Plaintiff") counsel.  (ECF No. 27.)  Defendant American General Life Insurance Company

20    (sued as Corebridge Financial, Inc.) ("Defendant") filed an opposition.  (ECF No. 30.)  Plaintiff's

21    counsel replied.  (ECF No. 33.)  For the reasons set forth below, the Motion to Withdraw is

22    GRANTED.

23          The Local Rules of this district require an attorney who would withdraw and leave his or

24    her client without representation to obtain leave of court upon a noticed motion.  E.D. Cal. L.R.

25    182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client and all other

26    parties who have appeared, and an affidavit stating the current or last known address of the client.

27    *Id.*  Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of

28

1   the California Rules of Professional Conduct.  *Id.*

2        The decision to grant or deny a motion to withdraw is within a court's discretion.

3   *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117,

4   at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors

5   when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the

6   client, prejudice to the other litigants, harm to the administration of justice, and possible delay.

7   *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2

8   (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM,

9   2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-

10   00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

11        Plaintiff's counsel requests to withdraw on two separate and independent grounds.  First,

12   because Plaintiff, through her granddaughter and representative Kelli Grande, breached a material

13   term of the agreement between lawyer and client.  (ECF No. 27 at 3; ECF No. 27-1 at 1.)  Second,

14   because the relationship between attorney and client "has broken down such that it has become

15   unreasonably difficult" for counsel to carry out representation effectively.  (ECF No. 27 at 3; ECF

16   No. 27-1 at 2.)

17        In opposition, Defendant argues the motion should be denied for several reasons.  (ECF

18   No. 30 at 2–6.)  First, because Plaintiff was purportedly not served nor notified.  (*Id.* at 2–3.)

19   Second, because Plaintiff's counsel's issue with non-party Kelli Grande is an invalid reason for

20   his withdrawal.  (*Id.* at 3.)  Third, because the reason for Plaintiff's counsel withdrawal is vague,

21   and Defendant would be prejudiced given the delay to litigation.  (*Id.* at 4–5.)  Finally, Defendant

22   argues there is no good cause to delay the settlement conference and Plaintiff's counsel should be

23   required to attend.[1]  (*Id.* at 5–6.)

24        Despite Defendant's arguments to the contrary, the Court finds there is sufficient good

25   cause to grant Plaintiff's counsel's motion to withdraw.  First, Plaintiff's counsel satisfied Local

26

27       [1]     At the time Defendant's opposition was filed, a settlement conference was scheduled to
proceed before the assigned magistrate judge on August 18, 2025.  (ECF No. 26.)  However, this

28   settlement conference was recently vacated.  (ECF No. 36.)

1    Rule 182(d) by filing a declaration that it informed Plaintiff of its intent to withdraw and by

2    providing the Court with Plaintiff's last known address.  (ECF No. 27-1 at 2.)  Defendant's

3    argument to the contrary is unavailing in light of Plaintiff's counsel's declaration and proof of

4    service.  (ECF No. 27-1 at 2; ECF No. 33.)  Second, Plaintiff's counsel also established

5    withdrawal is proper under California Rule of Professional Conduct 1.16(b)(4), which states an

6    attorney may withdraw from representing a client if the client "renders it unreasonably difficult

7    for the lawyer to carry out the representation effectively."  Because the Court finds this reason

8    alone is sufficient to grant the Motion to Withdraw, the Court does not address the parties'

9    separate arguments as to the breach of an agreement between lawyer and client by Kelli Grande.

10   *See, e.g.*, *Sewell v. Franklin Credit Mgmt. Corp.*, No. 2:24-CV-01788-TLN-SCR, 2024 WL

11   3917154, at *1 (E.D. Cal. Aug. 23, 2024) (granting motion to withdraw based on California Rule

12   of Professional Conduct 1.16(b)(4)).  Finally, while the Court acknowledges withdrawal at this

13   stage of the proceedings may result in some delay, the Court finds this factor alone does not

14   warrant denying Plaintiff's counsel's motion under these circumstances.

15          For the foregoing reasons, the Motion to Withdraw (ECF No. 27) is GRANTED.  The

16   Clerk of Court shall reflect this on the court's docket and update Plaintiff's address as provided in

17   counsel's Motion to Withdraw.  (ECF No. 27 at 4.)  The case is referred to the assigned

18   magistrate judge for future proceedings under Local Rule 302(c)(21).

19          IT IS SO ORDERED.

20   Date: August 28, 2025

21

22

23   _____

24   TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28

3