UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI M. ROTH, | No. 2:24-cv-1124-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| AIG, et al., | |
| Defendants. | |

      On August 28, 2025, the court granted plaintiff Joni Roth's former attorney's motion to withdraw as counsel, leaving plaintiff pro se. (ECF No. 38.) Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1).

      This is a diversity jurisdiction case for breach of contract and fraud relating to an annuity plaintiff found in a box of her late father's documents in January of 2022. (ECF No. 1 at 8-9.) Under the complaint's allegations, plaintiff has never received any surrender payment. (Id. at 9.) According to defendant, plaintiff surrendered the annuity in 2002. (ECF No. 17-1 at 3.)

      On August 26, 2025, non-party Kelli Grande filed a "Notice and Disclosure" stating she is plaintiff's Statutory Durable Power of Attorney and suggesting plaintiff's cognitive decline warrants the need for a finding of incompetence and appointment of a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure. (ECF No. 37.)

1

Rule 17(c) of the Federal Rules of Civil Procedure provides "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."[1] The Ninth Circuit has held a party "is entitled to a Rule 17 competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).

Kelli Grande's recent filing states new counsel for plaintiff has yet to be retained. However, the notice does not indicate whether efforts are being made to retain new counsel, or whether the court should expect plaintiff to remain pro se. Whether new counsel will be retained for plaintiff may be relevant to the court's determination whether there is a need for a competency hearing or any orders under Federal Rule of Civil Procedure 17.

Good cause appearing, IT IS ORDERED as follows:

1. Within 14 days of the date of this order, plaintiff and/or Kelli Grande shall file a status report indicating what, if any, efforts are being made to retain new counsel for plaintiff.
2. Within 14 days of the date of this order, any party may file an optional status report addressing the competency issue raised in the notice filed by Kelli Grande on August 26, 2025.

Dated: September 8, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roth24cv1124.status

---

[1] The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001).

2