UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI M. ROTH, | No. 2:24-cv-1124-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| AIG, et al., | |
| Defendants. | |

Plaintiff Joni Roth currently proceeds without counsel in this diversity jurisdiction action for breach of contract and fraud relating to an annuity. On August 26, 2025, non-party Kelli Grande filed a "Notice and Disclosure" stating she is plaintiff's Statutory Durable Power of Attorney and suggesting plaintiff's cognitive decline warrants a finding of incompetence and appointment of a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure. (ECF No. 37.) On August 28, 2025, the court granted plaintiff's former attorney's motion to withdraw as counsel. (ECF No. 38.) On September 8, 2025, the court ordered plaintiff and/or Ms. Grande to file a status report indicating what efforts, if any, are being made to retain new counsel. (ECF No. 39 at 2.) The court also invited any party to file an optional status report addressing the competency issue raised by Ms. Grande. (Id.)

////

1

On September 22, 2025, Ms. Grande filed a status report describing efforts made to retain new counsel for plaintiff and that new counsel has not been retained for plaintiff. (ECF No. 40.) Ms. Grande reiterated her observations describing plaintiff's cognitive decline and submitted a letter from plaintiff's doctor regarding plaintiff's inability to sit for her deposition. (Id. at 3, 15.)[1]

The court finds substantial evidence in the record to warrant a competency determination under Rule 17 of the Federal Rules of Civil Procedure. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001). When an incompetent person is not represented by a full-time guardian, the court shall appoint a guardian ad litem for that person or make such other order as it deems proper to protect the incompetent's interests. Fed. R. Civ. P. 17(c).

A guardian ad litem is authorized to act on behalf of the incompetent party, make decisions in the course of specific litigation, and make binding contracts for the retention of counsel and expert witnesses and settlement of the case. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). However, a plaintiff with a non-attorney guardian ad litem must have counsel in order to litigate a case. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant); Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2nd Cir. 2009) ("If the representative of the… incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.").

---

[1] Ms. Grande also requests the court to modify the scheduling order to reopen discovery for a limited purpose. (ECF No. 40 at 5.) As set forth herein, though, plaintiff's right to litigate pro se is personal to plaintiff as an individual. Ms. Grande's request to modify the scheduling order is not properly before the court.

2

The Rule 17 competency inquiry implicates plaintiff's due process rights. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2nd Cir. 2003); Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990). Notice and a hearing are required. See AT&T Mobility LLC v. Yeager, No. 2:13-CV-0007-KJM-DAD, 2015 WL 4751185, at *3 (E.D. Cal. Aug. 11, 2015).

Accordingly, the court will hold a competency hearing at which plaintiff will have an opportunity to make a statement addressing whether she feels she currently has the capacity to understand the nature and consequences of the litigation. The court may also briefly question plaintiff. Plaintiff may optionally submit documentary evidence which may consist of sworn declarations and/or letters from treating psychiatrists, psychologists, or medical professionals.

For the reasons set forth above, IT IS ORDERED as follows:

1. A competency hearing is set to take place on November 19, 2025, at 10:00 a.m., via Zoom. Plaintiff Joni Roth shall appear and be prepared to answer the court's questions regarding her competence to proceed. Other parties may appear at the hearing.

2. On or before November 5, 2025, plaintiff shall file any optional documentary evidence. Any request to seal must comply with Local Rule 141.

Dated:  September 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roth24cv1124.r17

3