UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI M. ROTH, <br><br> Plaintiff, <br><br> v. <br><br> AIG, et al., <br><br> Defendants. | No. 2:24-cv-1124-TLN-CKD (PS) <br><br> <u>ORDER</u> AND <br><br> <u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Joni Roth currently proceeds without counsel in this diversity jurisdiction action asserting breach of contract and fraud in connection with an annuity. For the reasons set forth below, the undersigned recommends plaintiff be found incompetent to pursue her claims pro se, Kelli Grande be appointed guardian ad litem for plaintiff, and a 60-day stay be entered as to further proceedings on the merits, including the motion for summary judgment filed by defendant Corebridge Financial, Inc., on October 14, 2025.[1]

On August 26, 2025, non-party Kelli Grande filed a "Notice and Disclosure" suggesting a finding of incompetence and appointment of a guardian ad litem under Rule 17(c) of the Federal Rules of Civil Procedure is warranted because of plaintiff's cognitive decline. (ECF No. 37.) The complaint indicates Ms. Grande is plaintiff's Durable Power of Attorney (ECF No. 1 at 11.)

---

[1] A stay of proceedings on the merits, if entered, does not prevent settlement proceedings.

1

On August 28, 2025, the district judge assigned to this case granted plaintiff's former attorney's motion to withdraw as counsel. (ECF No. 38.) To date, new counsel has not appeared for plaintiff.

On November 20, 2025, the undersigned held a competency hearing via videoconference for the purpose of determining plaintiff's competency to proceed pro se. (ECF No. 48.) The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001). Upon due inquiry and the information gleaned at the competency hearing, it appears plaintiff is legally incompetent to prosecute her claims pro se.

Plaintiff Joni Roth appeared personally at the hearing, accompanied by her granddaughter, Kelli Grande, and husband, Dean Roth. Plaintiff was responsive to questioning and communicated coherently. Plaintiff stated she is confused and concerned about this case and does not know who is in charge. Plaintiff expressed a lack of full understanding about the nature and purpose of the competency proceeding. It further does not appear plaintiff understands the nature of her claims or the defenses substantively at issue in this case. The court also has before it a letter from plaintiff's doctor regarding plaintiff's inability to sit for a deposition "secondary to her cognitive impairment and memory problem." (ECF No. 40 at 15.)

Minor defects in cognitive abilities may not render a litigant incapable of providing rational assistance to her attorney. Here, though, plaintiff currently proceeds without the assistance of counsel. The undersigned finds plaintiff has become legally incompetent to prosecute her claims pro se. The court should appoint a guardian ad litem or issue another appropriate order to protect plaintiff's interests. See Fed. R. Civ. P. 17(c)(2).

Kelli Grande, who appeared alongside plaintiff, would be a suitable guardian ad litem. As set forth, Ms. Grande is plaintiff's granddaughter and stated she already serves as plaintiff's representative as Durable Power of Attorney. However, the right to proceed without counsel is

1  personal to plaintiff as the litigant and does not extend to Ms. Grande if appointed as a non-
2  attorney guardian ad litem. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116,
3  1127 (9th Cir. 2007); Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2nd Cir. 2009).
4  Nevertheless, a guardian ad litem is authorized to act on behalf of the incompetent party, make
5  decisions in the course of specific litigation, and make binding contracts for the retention of
6  counsel and expert witnesses and settlement of the case. United States v. 30.64 Acres of Land,
7  More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).
8          The undersigned will recommend the assigned district judge declare plaintiff legally
9  incompetent to prosecute this case pro se and appoint Kelli Grande as plaintiff's guardian ad
10 litem for purposes of this case. The undersigned will also recommend a stay of proceedings on the
11 merits, including defendant's motion for summary judgment, for 60 days. Plaintiff should be
12 warned that her claims will be subject to dismissal for failure to prosecute if no appearance of
13 counsel has been filed at the conclusion of the 60-day stay. See Berrios, 564 F.3d at 134 (a party
14 in a civil case has no constitutionally guaranteed right to the assistance of counsel).
15         Finally, on December 11, 2025, Ms. Grande filed a document styled as "Request for
16 Reconsideration and Compliance with Mandatory Duty under Fed. R. Civ. P. 17(c)." (ECF No.
17 49.) To the extent Ms. Grande requests relief from the undersigned related to this case, the
18 undersigned disregards the filing as not properly before the court.
19         In accordance with the above, IT IS ORDERED as follows:
20         1. The undersigned disregards Ms. Grande's request for relief (ECF No. 49) as not
21 properly before the court.
22         2. The Clerk of the Court shall serve a copy of these findings and recommendations on
23 Kelli Grande by email to kelli.g45@yahoo.com.
24         In addition, IT IS RECOMMENDED as follows:
25         1. Plaintiff Joni Roth be found legally incompetent to prosecute this case pro se within the
26 meaning of Rule 17(c) of the Federal Rules of Civil Procedure.
27         2. Kelli Grande be appointed as guardian ad litem for plaintiff in this action.
28 ////

3. This case be stayed as to further proceedings on the merits for a period of 60 days from the date of any order adopting these findings and recommendations.

4. Plaintiff be warned that her claims will be subject to dismissal for failure to prosecute if no appearance of counsel has been filed at the conclusion of any stay.

5. The Clerk of the Court be directed to serve a copy of any order adopting or rejecting these findings and recommendations on Kelli Grande by email to kelli.g45@yahoo.com.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 17, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, roth24cv1124.gal