UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI M. ROTH,<br><br>Plaintiff,<br><br>v.<br><br>AIG, et al.,<br><br>Defendants. | No. 2:24-cv-01124-TLN-CKD (PS)<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Joni Roth proceeds without counsel and through guardian ad litem Kelli Grande in this diversity jurisdiction action asserting breach of contract and fraud in connection with an annuity. The only appearing defendant, defendant American General Life Insurance Company, sued as Corebridge Financial, Inc., moves to dismiss plaintiff's claims under Federal Rule of Civil Procedure 41(b). (ECF No. 60.) This matter is appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for October 7, 2026, is vacated. For the reasons set forth below, the motion should be granted.

**BACKGROUND**

Plaintiff initiated this action in state court while represented by counsel, and defendant filed a notice of removal on April 15, 2024. (ECF No. 1.) On August 28, 2025, the district judge assigned to this case granted a motion to withdraw as counsel by plaintiff's former attorney. (ECF No. 38.)

On September 8, 2025, the court ordered plaintiff to file a status report regarding what, if any efforts were being made to retain new counsel. (ECF No. 39.) Plaintiff's status report filed on September 22, 2025, indicated the search for new counsel was unsuccessful. (ECF No. 40.)

On October 14, 2025, defendant filed a motion for summary judgment. (ECF No. 42.) The motion remains unopposed.

On November 20, 2025, the undersigned held a competency hearing via videoconference for the purpose of determining plaintiff's competency to proceed pro se. (ECF No. 48.) On April 20, 2026, the district judge assigned to this case adopted the findings and recommendations that followed the competency hearing and found plaintiff legally incompetent within the meaning of Rule 17(c) of the Federal Rules of Civil Procedure to continue prosecuting her claims pro se. (ECF Nos. 55.) The court appointed Kelli Grande—plaintiff's granddaughter and durable power of attorney—as guardian ad litem.[1] (See id. at 2.) The court entered a 60-day stay of the case and warned plaintiff that her claims would be subject to dismissal for failure to prosecute if no appearance of counsel had been filed at the conclusion of the stay. (Id.) The 60-day stay ended with no appearance of counsel.

On July 2, 2026, the matter was set for a settlement conference before another magistrate judge to take place on July 29, 2026. (ECF No. 56.) Communications with plaintiff for the purpose of scheduling the conference were made through her guardian ad litem since no counsel has appeared for plaintiff. (ECF No. 59.) The settlement conference was set to take place via Zoom and plaintiff's guardian ad litem did not appear. (Id.) Plaintiff, through her guardian ad litem, also failed to submit timely a settlement conference statement as ordered by the court. (Id.)

Defendant filed the motion to dismiss presently before the court on August 28, 2026. (ECF No. 60.) Defendant asks the court to dismiss the action because of plaintiff's failure to

---

[1] The right to proceed without counsel is personal to plaintiff as the litigant and does not extend to a non-attorney guardian ad litem. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007). However, a guardian ad litem is authorized to act on behalf of the incompetent party, make decisions in the course of specific litigation, and make binding contracts for the retention of counsel and expert witnesses and settlement of the case. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).

prosecute or to comply with court orders. (Id. at 1.)

## LEGAL STANDARD

A "plaintiff is charged with the exercise of 'reasonable diligence' in prosecuting the action." Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967 (9th Cir. 1978) (quoting Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962) (noting the district court has authority to dismiss with prejudice for lack of prosecution with or without a motion).

When considering dismissal for failure to prosecute under Rule 41(b), this court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Not all factors must favor dismissal in order for a case to be dismissed for lack of prosecution. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("We may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors strongly support dismissal." (internal quotation marks omitted)). Generally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

## DISCUSSION

Defendant argues the factors pertinent to the Rule 41(b) inquiry weigh in favor of dismissing this case. (ECF No. 60-1.) Upon considering the factors, the undersigned finds dismissal is warranted.

**Public's Interest in Expeditious Resolution of Litigation**

The public's interest in expeditious resolution of litigation generally weighs in favor of dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). The general rule that the public's interest in expeditious resolution of litigation applies. This

factor favors dismissal.

**Court's Need to Manage its Docket**

The court's need to manage its docket likewise weighs supports dismissal. A court may consider whether a particular case has consumed time that could have been devoted to other cases on the docket. See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("resources [may] continue to be consumed by a case sitting idly on the court's docket"). Allowing plaintiff's claims to remain pending will likely result in further court time spent on issues such as further delay or lack of prosecution. This factor favors dismissal.

**Risk of Prejudice to Defendants**

Prejudice is presumed where there is unreasonable delay, but that presumption can be rebutted through evidence showing the reason for the delay was not frivolous. In re Eisen, 31 F.3d at 1452-53; see also Pagtalunan, 291 F.3d at 642 (courts "relate[ ] the risk of prejudice to the plaintiff's reason for defaulting") Where rebutted, the burden shifts to the defendant to show at least some actual prejudice. In re Eisen, 31 F.3d at 1453.

Plaintiff's incapacitation to prosecute without counsel was unforeseen and unavoidable and so the reason for the delay was not frivolous. However, the length of the delay has become unreasonable at this point where there is no indication any further steps are being made to retain counsel. See, e.g., Lee v. Kijakazi, No. 2:20-CV-9929-MAR, 2022 WL 2316223, at *3 (C.D. Cal. June 28, 2022) (finding delay of nearly one year unreasonable); Kang-Shen Chen v. Pelosi, No. SACV 12-2182 R AJW, 2013 WL 4239626, at *4 (C.D. Cal. Aug. 13, 2013) (finding four-month delay in prosecution unreasonable where there was no indication any steps to secure appointment of guardian or counsel had been taken). Thus, prejudice is presumed and this factor weighs in favor of dismissal.

**Public Policy Favoring Disposition on the Merits**

The public policy favoring disposition of cases on their merits weighs against dismissal, as it ordinarily does. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

////

**Availability of Less Drastic Alternatives**

A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Dismissal should not be entered unless the plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). As set forth above, the court has warned plaintiff her claims would become subject to dismissal for lack of prosecution if counsel was not retained. At this point, no other lesser sanction will be effective.

**ORDER AND RECOMMENDATION**

In accordance with the above, IT IS ORDERED that the hearing set for October 7, 2026, is VACATED.

In addition, IT IS RECOMMENDED as follows:

1. Defendant's motion to dismiss for failure to prosecute (ECF No. 60) be granted.
2. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
3. Defendant's motion for summary judgment (ECF No. 42) be denied as moot.
4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 30, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 roth24cv1124.mtd.41b